## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA,**[1] Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | Case No. 16-cv-03878 |
| **MICHAEL A. LEWIS, MONICA FOX,** and the **ACME ORTHOTICS AND PROSTHETIC LABORATORIES INC. PROFIT SHARING 401(K) PLAN AND TRUST,** | ) ) ) ) | Hon. John Z. Lee |
| | ) | |
| Defendants. | ) | |

## CONSENT ORDER AND JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, filed a complaint against Defendants Michael A. Lewis and Monica Fox (collectively, "Defendants Lewis and Fox") alleging breaches of their fiduciary responsibilities under ERISA §§ 403, 404, and 406 with respect to the Acme Orthotics and Prosthetic Laboratories Inc. Profit Sharing 401(k) Plan and Trust ("Plan").[2]

Defendants Lewis and Fox waived service of process of the complaint and admitted to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants Lewis and Fox agreed to resolve all matters in controversy in this action between them (except for the imposition by the Secretary of any penalty pursuant

---

[1] This action was commenced in the name of Thomas E. Perez, Secretary of the U.S. Department of Labor. Mr. Perez is now the former Secretary of Labor, and R. Alexander Acosta is now the Secretary. Therefore, Mr. Acosta is being automatically substituted for Mr. Perez as the Plaintiff pursuant to FED. R. CIV. P. 25(d), and the caption of this action is amended accordingly.

[2] The Plan was named as a defendant pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

The parties agree that, if the Secretary assesses a penalty pursuant to ERISA § 502(*l*) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

On December 19, 2017, the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, entered an *Amended Stipulated Judgment Determining Nondischargeability of Michael A. Lewis's Debt Owed to the Acme Orthotics and Prosthetic Laboratories Inc. Profit Sharing 401(k) Plan and Trust* in *Secretary of Labor v. Michael A. Lewis* (Adv. Case. No. 16-00225) (Doc. No. 21). The Bankruptcy Court found that Defendant Lewis's total debt to the Plan, consisting of unremitted employee salary deferral contributions, unremitted Plan participant loan repayments, liquidated Plan assets for non-Plan purposes, and associated lost opportunity costs, of $128,535.75 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1.  Defendants Lewis and Fox are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

2.  Defendants Lewis and Fox are jointly and severally liable to the Plan in the total amount of $58,531.72, representing the following principal losses to the Plan and associated lost opportunity costs:[3]

---

[3] The lost opportunity costs, which represent the amount of money the Plan would have earned on the assets if the assets had been remitted to the Plan and/or not liquidated from the Plan, are based on the Internal Revenue Code § 6621(a) rate and have been calculated through July 14, 2015, the date that Defendant Lewis filed for bankruptcy protection.

a. A total of $29,439.59 in unremitted employee salary deferral contributions withheld during the period from July 9, 2010, through April 27, 2012 ($26,250.00 in principal losses and $3,189.59 in lost opportunity costs); and

b. A total of $29,092.13 in unremitted Plan participant loan repayments withheld during the period from July 9, 2010, through April 27, 2012 ($25,940.18 in principal losses and $3,151.95 in lost opportunity costs).

3. In addition to the amounts listed in paragraph 2 above, Defendant Lewis is also liable to the Plan in the total amount of $70,004.03 in Plan assets that Defendant Lewis withdrew from the Plan during periods from April 19, 2012, to March 5, 2015, and used for non-Plan purposes ($66,431.99 in principal losses and $3,572.04 in lost opportunity costs).

4. Defendant Lewis shall restore the $128,535.75 owed to the Plan in accordance with the Chapter 13 Plan filed on July 14, 2015, attached hereto and made part hereof as Exhibit A (Adv. Case No. 16-00225) (Doc. No. 8) ("Chapter 13 Plan"), as modified, and in accordance with the payment schedule attached hereto and made part hereof as Exhibit B.

5. Once Defendant Lewis's Secured Creditors and Priority Creditors have been paid in full, which will be on or about September 1, 2017, payments to Defendant Lewis's General Unsecured Creditors, which includes the Plan, will begin, and the General Unsecured Creditors will receive a monthly pro rata share of $4,655.00.

6. The harmed Plan participants, excluding Defendants Lewis and Fox, will receive their pro rata share of the General Unsecured Creditor's monthly pro rata share of $4,655.00 beginning on or about September 1, 2017, until all Plan losses are repaid in full on or about August 1, 2020. Defendants Lewis and Fox shall begin receiving their pro rata shares, subject to

paragraphs 7 and 8 below, only after all Plan losses to the other harmed Plan participants have been repaid in full.

7.       Included in the losses owed to the Plan as set forth in paragraph 2 above, Defendant Lewis is owed $11,659.86 and Defendant Fox is owed $12,945.34 as a result of their failure to remit employee salary deferral contributions to the Plan on their own behalf. Defendants Lewis and Fox hereby waive repayment of $6,683.88 from each of their individual accounts in the Plan (a total of $13,367.76) as part of the resolution of this matter.

8.       Upon entry of this Consent Order and Judgment, pursuant to § 1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), Defendants Lewis and Fox shall be deemed to have authorized the Plan to cause $6,683.88 from each of their individual accounts in the Plan (a total of $13,367.76) to be reallocated to the affected participants and beneficiaries of the Plan in accordance with Exhibit B.  The Plan is hereby amended to allow for forfeiture of the individual Plan accounts of Defendants Lewis and Fox.  This Consent Order and Judgment shall be attached to the Plan document as an amendment.

9.       Defendant Lewis shall comply with the guidance in EBSA Field Assistance Bulletin 2014-01, *Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans* (Aug. 14, 2014) *available at* https://www.dol.gov/sites/default/files/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/fab2014-1.pdf  in attempting to locate participants and handling missing participants.  Defendant Lewis shall provide the Chapter 13 Bankruptcy Trustee with the names, addresses, and telephone numbers of all Plan participants in Exhibit B within ten (10) days of the entry of this Consent Order and Judgment.

10.       The monies restored pursuant to paragraph 6 above shall be paid to the Plan participants by the Chapter 13 Bankruptcy Trustee in accordance with Exhibits A and B.  The

participants listed on Exhibit B were Plan participants during the period July 9, 2010, through

March 5, 2015, who had employee salary deferral contributions and/or Plan participant loan

repayments withheld from their pay for contribution to the Plan during this period.

11.     In reliance on representations made by Defendant Lewis, including the Chapter 13

Bankruptcy Petition he filed in the U.S. Bankruptcy Court for the Northern District of Illinois,

Eastern Division, Case No. 15-23963, which show that he is currently unable to immediately pay

the Plan the total remaining restitution amount of $128,535.75 for which he is liable, the

Secretary agrees to forbear immediate collection of the entire restitution amount and agrees that

Defendant Lewis shall restore the restitution amount in accordance with the schedule set forth in

Exhibit B.

12.     In reliance on representations made by Defendant Fox in her financial

declarations to the Secretary, which show that she is currently unable to immediately pay the

Plan the total remaining restitution amount of $58,531.72 for which she is liable, the Secretary

agrees to forbear immediate collection of the entire restitution amount and agrees that the

Secretary will first seek payment from Defendant Lewis to restore the amount in accordance with

the schedule set forth in Exhibit B.

13.     If Defendant Lewis fails to comply with the payment schedule in the Chapter 13

Plan (including failing to pay any of the installment payments described in Exhibit B on or

before the dates set forth therein) or it is found that the documents Defendants Lewis and Fox

provided or provide in the future regarding their financial status are untrue, the full amount of

losses owed to the Plan up to $58,531.72[4] (less any payments made to restore losses to the Plan)

shall immediately become due and payable by Defendant Fox together with post-judgment

interest pursuant to 28 U.S.C. § 1961 with no further notice required by the Secretary to

---

[4] This is the total amount for which Defendant Fox is personally liable.  *See* paragraph 2 above.

Defendant Fox. Further, the Secretary would pursue collection of this matter against Defendant Lewis through the District Court in accordance with the Bankruptcy Code.

14.     Defendants Lewis and Fox agree to pay 100% of any bequest, inheritance, gifts (over $10,000), lottery and gambling winnings over $10,000, or proceeds of any life insurance policy Defendants Lewis or Fox may receive to the Plan within 30 days of receipt by forwarding such funds to the Chapter 13 Bankruptcy Trustee, who shall in turn distribute such funds on a pro rata basis to the harmed Plan participants in accordance with Exhibits A and B. A copy of each check shall be submitted within three (3) days of issuance to Jeffrey A. Monhart, Regional Director of the Employee Benefits Security Administration ("Regional Director") at 230 S. Dearborn St., Suite 2160, Chicago, Illinois 60604.

15.     Defendants Lewis and Fox agree to submit to the Regional Director, his/her annual federal tax returns on or before May 15th of each year and if he/she is not required by federal law to file an annual federal tax return he/she will provide a statement under oath that such filing is not required until all Plan losses are restored.

16.     Defendants Lewis and Fox agree that he/she will notify the EBSA Regional Director within 7 days of any change of his name, residence, telephone number, mailing address or employment until such time as all losses pursuant to this Consent Order and Judgment are restored.

17.     Defendants Lewis and Fox shall be permanently enjoined from serving or acting as fiduciaries or service providers with respect to any employee benefit plan subject to ERISA.

18.     Each party agrees to bear his or her own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not

limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

19.     The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

20.     Nothing in this Order is binding on any government agency other than the United States Department of Labor.

DATED  January 8, 2018

_____
HON. JOHN Z. LEE
UNITED STATES DISTRICT JUDGE


For Defendants:

s/Michael A. Lewis
**MICHAEL A. LEWIS**


s/Monica Fox
**MONICA FOX**


s/Michael A. Lewis
**MICHAEL A. LEWIS**
As trustee on behalf of the Acme Orthotics and Prosthetic Laboratories Inc. Profit Sharing 401(k) Plan and Trust

For Plaintiff:

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/Kevin M. Wilemon
**KEVIN M. WILEMON**
Trial Attorney

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: (312) 353-6973

Attorneys for R. Alexander Acosta,
Secretary of Labor,
United States Department of Labor,